UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAWRENCE WRIGHT,                                                      Plaintiff,

v.                                                    Civil Action No. 3:21-cv-310-DJH

LOUISVILLE METRO POLICE DEPT. *et al.*,                              Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Lawrence Wright filed the instant *pro se* 42 U.S.C. § 1983 action[1] proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss Plaintiff's claims but allow him to file an amended complaint.

## I.  SUMMARY OF ALLEGATIONS

Plaintiff sues Defendants Louisville Metro Police Department (LMPD) and Officer E. Burnett in his official capacity only. Plaintiff states that Burnett pulled him over for a traffic violation at 2:56 am on May 11, 2021.[2] He reports that as he was sitting in his car he noticed five more officers pulled up to the scene. He states, "One officer[] moved very aggressive with his flash light on looking in my car." He asserts, "Officer E. Burnett asked me for my information, I gave him my information, he goes back to his car runs my information couple mins later, Officer E. Burnett comes back to my car tells me to get out my car." Plaintiff continues, "I asked him why do I have to get out my car. Officer E. Burnett gave no reason.

---

[1] Plaintiff filed the complaint on the Court's prisoner 42 U.S.C. § 1983 complaint form, even though he is not a prisoner.

[2] The complaint does not state the date of the incident. However, Plaintiff attaches to the complaint a LMPD Professional Standards Unit Complainant Affidavit, which states that the incident date was May 11, 2021.

Officer E. Burnett grabbed both of my arms, place arms behind my back and continue to illegal search I Lawrence Wright." He states that Burnett asked him if he had any weapons and that he stated "no officer." Plaintiff states, "Then Officer E. Burnett told me to stand behind my car and illegal detained I Lawrence Wright."

Plaintiff asserts, "I really feared for my life. All these racist unprofessional officers standing around me treating me like a criminal. Talking to me very disrespectful, they kept me out there and continue to taunt me, threaten to arrest me and steal my car." He states that he "thought that these officers were going to kill me." He maintains that "the officers continue to humilate I Lawrence Wight for like 30 mins." Plaintiff states, "Officer E. Burnett illegal search and seizure and violated my Fourth Amendment Right." As relief, Plaintiff seeks damages.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district

court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

LMPD is not a "person" subject to suit under § 1983 because municipal departments,

such as police departments, are not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117,

120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  In this

situation, Louisville Metro Government is the proper defendant.  *Smallwood v. Jefferson Cty.

Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).  In addition, Louisville Metro Government is a

"person" for purposes of § 1983.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S.

658 (1978).  Moreover, Plaintiff's official-capacity claim against Burnett is actually brought

against his employer, Louisville Metro Government.  *See Kentucky v. Graham*, 473 U.S. 159,

166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action

against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 691 n.55).

Therefore, the Court construes the claim against LMPD and the official-capacity claim

against Burnett as claims against Louisville Metro Government.  When a § 1983 claim is made

against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm

was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

With regard to the second factor, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any of the alleged actions were taken pursuant to a municipal policy or custom implemented or endorsed by Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality, and Plaintiff's claim against LMPD and his official-capacity claim against Burnett must be dismissed for failure to state a claim upon which relief may be granted.

However, before dismissing the action, the Court will give Plaintiff an opportunity to file an amended complaint suing Burnett in his individual capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal" on initial review under the analogous standard of 28 U.S.C. § 1915A).

4

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against LMPD and his official-capacity claim against Burnett are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED to terminate** LMPD as a party to this action.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** suing Burnett in his individual capacity.  The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on page 2 of Plaintiff's § 1983 complaint form (DN 1) and send it to Plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein.**

Date:   October 1, 2021

David J. Hale, Judge
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4415.010

5